DRIGGS, appellant, v. SIMSON *et al.*

*Mortgage — lien, how discharged — rights of purchasers — Judgment.*

A judgment being recovered upon a bond given in connection with a mortgage, an execution was issued thereon, levied upon certain land, the land sold and the execution returned satisfied, and the judgment canceled. Subsequently, and while the judgment appeared by the record to be satisfied, and the mortgage discharged, the mortgagor sold and conveyed the mortgaged property to purchasers who paid a full consideration therefor, and went into

possession. *Held,* that such purchasers took a good title to the premises, free and clear of the lien of the mortgage, and that an action to foreclose the same as against them would not lie.

*Held,* also, that the record showing, at the time the defendants purchased, that the judgment was paid and satisfied, they had a right to act and rely upon it, and that a proceeding by the plaintiff, twelve years afterward, to vacate such satisfaction, could not overreach or affect the title of the defendants previously obtained in good faith.

APPEAL from a judgment in favor of defendant rendered upon the decision of a justice upon a trial by the court without a jury. The action was brought by Roswell W. Driggs against John Simson and others, to foreclose a mortgage upon premises owned by defendant and conveyed to him by the grantee of the mortgagor, executed by one Broughton to one Jacobs, to secure the payment of a sum of money. An action was brought upon the bond accompanying said mortgage, and a judgment obtained against the mortgagor upon which execution was issued and returned " satisfied," after which defendant and Simson purchased and received title to the premises. By an order of the court the return was afterward canceled.

*Morey & Baker,* for appellant.

*Williams & Potter,* for respondent.

E. DARWIN SMITH, J.

The head-note gives the points passed upon in the opinion, and the judgment was affirmed as being correct upon the facts found by the judge at circuit.

*Judgment affirmed.*